Anna Y. Park, CA SBN 164262
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>        Plaintiff, <br><br>    v. <br><br> MJC, INC.; GAC AUTO GROUP, INC. dba CUTTER MAZDA OF HONOLULU, and Does 1-10 Inclusive, <br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO.

**COMPLAINT- ADA**
- **Disability Discrimination (Failure to hire)**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Ryan Vicari ("Charging Party"), who was adversely affected by such practices.  As alleged with greater particularity in Paragraphs 23 to 25 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants MJC, Inc. and GAC Auto Group, Inc. dba Cutter Mazda of Honolulu ("Defendants") unlawfully discriminated against Charging Party by failing to hire him on the basis of his disability and/or perceived disability in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA and Section 102 of the Civil Rights Act of 1991, 41 U.S.C. § 1981a. 42 U.S.C. § 12117(a) (incorporating Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3)).

2.      The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.      The Commission is the agency of the United States of America, charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA.

4.      At all relevant times, Defendant MJC, Inc. is a Hawaii corporation and has continuously had at least 15 employees.

5.     At all relevant times, Defendant MJC, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7).

6.     At all relevant times, Defendant MJC, Inc.  has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     At all relevant times, Defendant GAC Auto Group, Inc. dba Cutter Mazda of Honolulu is a Hawaii corporation and has continuously had at least 15 employees.

8.     At all relevant times, Defendant GAC Auto Group, Inc. dba Cutter Mazda of Honolulu has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7).

9.     At all relevant times, Defendant GAC Auto Group, Inc. dba Cutter Mazda of Honolulu has been covered entities under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

10.     Pursuant to filings with the Hawaii Secretary of State for 2016, MJC, Inc. and GAC Auto Group, Inc. dba Cutter Mazda of Honolulu (collectively "Defendants") share the same mailing address, same officers, and same agent and agent address.

11.     GAC Auto Group, Inc. dba Cutter Mazda of Honolulu is wholly owned by MJC, Inc. MJC, Inc. provides GAC Auto Group, Inc. dba Cutter Mazda of Honolulu with management services.

12.     Upon information and belief, Defendants have continuously been joint employers where both generally controlled the terms and conditions of employment and Defendants jointly held the right, directly or indirectly, to hire, fire, or modify the employment conditions.

13.     All acts and failures to act alleged herein were duly performed by and

attributable to all Defendants, including DOES 1 to 10, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

14.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the Complaint to name each DOE defendant individually or collectively as they become known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the Complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

15.      More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant GAC Auto Group, Inc. dba Cutter Mazda of Honolulu.

16.     Prior to instituting this lawsuit, Plaintiff investigated Charging Party's charge of discrimination by interviewing witnesses and requesting information from Defendants.

17.     Prior to instituting this lawsuit, Plaintiff attempted to eliminate the unlawful employment practices alleged herein and to effect voluntary compliance with the ADA through informal methods of conciliation, conference, and

persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. 2000e-5(b).

18.     On May 26, 2017, the Commission issued a Letter of Determination to Defendants, which stated that the Commission had found reasonable cause to believe that Defendant had violated the ADA and invited Defendant to participate in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

19.     The Commission engaged in communications with Defendants, providing Defendants with the opportunity to remedy the discriminatory practices identified in the Letter of Determination.

20.     The Commission was unable to secure through informal methods of conciliation, including, but not limited to, written conciliation correspondence, from Defendants a conciliation agreement acceptable to the Commission.

21.     On July 18, 2017, the Commission issued to Defendants a Notice of Failure of Conciliation.

22.     All conditions precedent to the institution of this lawsuit have been fulfilled.

23.     Charging Party is disabled within the meaning of the ADA due to having an actual hearing impairment (deafness), and having been regarded as disabled by Defendants. Due to his hearing impairment, Charging Party has been substantially limited in several major life activities, including but not limited to hearing.

24.     Since at least 2015, Defendants have engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b) by:

      a.     failing to hire Charging Party based on his actual disability (hearing impairment).

      b.     failing to hire Charging Party based on his perceived disability

(hearing impairment).

25.     Specifically, Charging Party applied for the detailer position with Defendants on June 24, 2015. Charging Party was interviewed on or about the same day by Defendants.  During the interview, Defendants were informed that Charging Party is hearing impaired and can read lips.  In response, Defendants stated they could not hire Charging Party because he was deaf and ended the interview.  Consequently, Charging Party was not considered and/or hired for the detailer position and/or any other position with Defendants.

26.     The effect of the practices complained of in paragraphs 23 through 25 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affected his status as an applicant because of his actual disability.

27.     The unlawful employment practices complained of in paragraphs 23 through 25, above were intentional and caused Charging Party to suffer emotional distress.

28.     The unlawful employment practices complained of in paragraphs 23 through 25, above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

30.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, and assigns and all persons in active concert or participation with them, from engaging in any employment practices which discriminates on the basis of disability.

31.     Order Defendants to institute and carry out policies, practices and programs to ensure that it would not engage in unlawful employment practices in violation § 102(a) and (b), 42 U.S.C. § 12112(a) and (b);

32.     Order Defendants to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmatively relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

33.     Order Defendants to make Charging Party whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in amounts to be determined at trial.

34.     Order Defendants to make Charging Party whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

35.     Order Defendants to pay Charging Party punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

36.     Award the Commission its costs in this action.

37.     Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

///

///

///

///

///

///

///

# JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Dated: July 31, 2017

Respectfully Submitted,

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

BY: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION