Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
Natalie Nardecchia, CA SBN 246486
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MJC, INC.; GAC AUTO GROUP, INC. dba CUTTER MAZDA OF HONOLULU, and Does 1-10 Inclusive,<br><br>　　　　　　Defendant(s). | Case No.: CV-17-00371-SOM-RLP<br><br>**PLAINTIFF EEOC'S MOTION TO COMPEL FURTHER RESPONSE TO DOCUMENT REQUESTS**<br><br>Hearing Date: TBD<br>Time: TBD<br>Trial Date: August 13, 2019<br>Magistrate Judge Richard L. Puglisi |

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................. 1

II.  BACKGROUND ................................................................ 3

    A. Requests and Responses at Issue ..................................... 3

    B. Meet and Confer Certification Under LR37.1(b) ............................ 16

III. LEGAL STANDARD ........................................................... 16

IV.  ARGUMENT ................................................................. 17

    A. Defendants Improperly Narrowed the Scope of their Production,
       Withholding Responsive, Proportional Discovery ......................... 18

        1. Job Description for Auto Detailer and Lot Attendant.......... 18
        2. Recruiting, Advertising, Hiring, Interviewing Documents.. 19

    B. Defendants Should Be Compelled to Produce Financial Records ... 20

    C. Defendants Mistakenly Rely on a Protective Order Not Operative
       or Supported in this Case to Resist Production ............................. 21

    D. Defendants Refuse to State if Investigative Documents Exist
       and/or are Being Withheld ............................................. 27

    E. Defendants Should be Compelled to Produce a Privilege Log ........ 29

V.   CONCLUSION ................................................................. 30

# TABLE OF AUTHORITIES

## CASES

*Beckman Indus., Inc., v. Int'l. Ins. Co.*,
    966 F.2d 470 (9th Cir. 1992) ........................................................ 2, 22

*Burlington Northern Santa Fe Railway Company v. U.S.*,
    408 F.3d 1142 (9th Cir. 2005) ........................................................ 29

*Carson v. Kanazawa*,
    2016 WL 9461772 (D. Haw. Oct. 13, 2016) ................................ 17,28

*Cataldi v. Siracusano*,
    2012 WL 870222 (D. Nev. 2012)...................................................... 21

*Doe v. Kamehameha Schools*,
    596 F.3d 1036 (9th Cir. 2010) ........................................................ 21

*EEOC v. Cal. Psych. Transitions*,
    258 F.R.D. 391 (E.D. Cal. 2009)...................................................... 20

*Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*,
    136 F.R.D. 179 (E.D. Cal. 1991)...................................................... 28

*Foltz v. State Farm*,
    331 F.3d 1122 (9th Cir. 2003) ...................................................... 22,26

*Guthrey v. California Dep't of Corr. & Rehab.*,
    2012 WL 2499938 (E.D. Cal. June 27, 2012) .................................. 28

*Heyne v. Caruso*,
    69 F.3d 1475 (9th Cir.1995) ............................................................ 28

*Jadwin v. County of Kern*,
    2008 WL 2025093 (E.D. Cal. 2008)................................................ 29

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) .................................................. 2, 21,22

*Kelleher v. Fred Meyer Stores Inc.*,
   302 F.R.D. 596 (E.D. Wash. 2014) ..................................................... 24

*Krause v. Nevada Mut. Ins. Co.*,
   2013 WL 3776416 (D. Nev. July 16, 2013) ........................................ 22

*Lauer v. Longevity Med. Clinic PLLC*,
   2014 WL 5471983 (W.D. Wash. Oct. 29, 2014)................................. 24

*Lyoch v. Anheuser-Busch Companies, Inc.*,
   164 F.R.D. 62 (E.D. Mo. 1995) .......................................................... *28*

*ODS Techs., L.P. v. Magna Entm't Corp.*,
   2008 WL 11343031 (C.D. Cal. July 31, 2008) ................................... 19

*O'Shea v. Am. Solar Sol., Inc.*,
   2016 WL 701215 (S.D. Cal. Feb. 2016)........................................... 1, 18

*Perry v. Schwarzenegger*,
   591 F.3d 1126 (9th Cir. 2009) ............................................................ 17

*Phillips v. General Motors*,
   307 F.3d 1206 (9th Cir. 2002) ................................................... 21,22,26

*Rogers v. Giurbino*,
   288 F.R.D. 469 (S.D. Cal. 2012) ........................................................ 18

*Satchell v. FedEx Corp.*,
   2005 WL 646058 (N.D. Cal. Mar. 21, 2005) ................................. 25,29

*Sidlo v. Kaiser Permanente Ins. Co.*,
   2016 WL 9488987 (D. Haw. May 6, 2016) ........................ 17,24,29,30

*Solis v. United States*,
   2013 WL 12173325 (W.D. Wash. Jan. 29, 2013) .............................. 25

*Southern California Housing Rights Ctr. v. Krug*,
   2006 WL 4122148 (C.D. Cal. Sept. 5, 2006).................................... 21

**STATUTES, CODES, REGULATIONS**

Local Rule 37.1(a).................................................................. 17

Local Rule 83.12 ................................................................... 26

Fed. R. Civ. P. 5.2 ................................................................ 24

Fed. R. Civ. P. 26(b)(1).....................................................1, 17, 20

Fed. R. Civ. P. 26(b)(5)..................................................... 28, 29

Fed. R. Civ. P. 37(a)(1)......................................................... 17

Fed. R. Civ. P. 37(a)(4)......................................................... 28

## I.    INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") respectfully seeks an order from the Court compelling production of responsive, highly relevant documents that Defendants MJC, Inc. and GAC Auto Group, Inc. dba Cutter Mazda of Honolulu ("Defendants") have failed produce, as well as a privilege log. The documents go to the heart of this case – whether Defendants failed to hire Charing Party Ryan Vicari ("Charging Party") because of his actual or perceived disability, and seek information directly bearing on Defendants' hiring, job duties/ responsibilities of the positions at issue, and credentials and abilities of comparators, the persons Defendants chose to hire over Charging Party. This information is vital to evaluate Defendants' hiring criteria, decision making, and potential pretext in denying Charging Party an equal opportunity.

Defendants refuse to produce this essential information, standing on boilerplate objections[1] and reciting the outdated discovery rules (*e.g.* "not reasonably calculated…") instead of applying proportionality, as required. *See* Fed. R. Civ. P. 26(b)(1). Defendants refuse to produce countless documents on the basis that there is no protective order; but Defendants have not first met their "burden of

---

[1] Defendants asserted objections of vague, ambiguous, overbroad, and calling for irrelevant information, which are legally insufficient. *See O'Shea v. Am. Solar Sol., Inc.,* 2016 WL 701215, at *2 (S.D. Cal. Feb. 2016) (objections on these grounds "are inadequate and tantamount to not making any objection at all").

overcoming the strong presumption in favor of public access" by showing "good cause" and "a particular need" for protection for any documents at issue, especially where EEOC's requests encompass documents such as applications, job descriptions, interview questions, advertisements, personnel files, and other documents relating to recruiting and hiring for the positions at issue. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Beckman Indus., Inc., v. Int'l. Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992). Despite failing to produce documents because of the absence of a protective order, Defendants have also failed to move for a protective order. Indeed, Defendants refuse to even inform EEOC if there are responsive documents and/or if Defendants are withholding investigation-related documents regarding disability discrimination claims (*including the Charging Party's claim*). Additionally, Defendants refuse to produce their financial records despite controlling case law that such records are discoverable. Finally, Defendants have unilaterally and impermissibly narrowed the scope of their production on many requests, including temporally, rather than fully complying with their obligation to make a fulsome production.

EEOC respectfully requests an order compelling Defendants to produce a privilege log and the documents addressed herein immediately, so that EEOC may adequately prepare for trial and avoid further prejudice from Defendants' recalcitrance. Given the unjustified failure by Defendants to produce responsive

documents, EEOC also requests leave to re-depose key witnesses following Defendants' document production, including Guy Tsurumaki, the alleged discriminator, and Kaylene Remata, Defendants' Human Resources representative.

## II.    BACKGROUND

On April 16, 2018, EEOC served its requests for production of documents to Defendants. Exhibit 1.[2] The parties were engaged in settlement negotiations from May 2, 2018 onward in preparation of a June 21, 2018 settlement conference; the negotiations continued until December 5, 2018. During that time, the parties agreed to a stay of Defendants' response to the document requests.

On December 21, 2018 – the very day that the government shutdown commenced – Defendants served their written response to EEOC's requests for production of documents. Nardecchia Decl., ¶ 3. On January 29, 2019, EEOC received a mere 109 pages of documents from Defendants, the majority of which (*i.e.* 76 pages) included prior correspondence and documents exchanged between EEOC and Defendants' counsel. Exhibit 2; *see* Nardecchia Decl., ¶ 3. The only documents produced beyond those were: a training presentation for 2014 (DEFS71-92) and select job postings limited to 2015 only (DEFS99-109).

A.    <u>Requests and Responses at Issue</u>

<u>REQUEST NO. 1</u>:

---

[2] All exhibits are attached to the Declaration of Natalie Nardecchia.

Please IDENTIFY and produce all DOCUMENTS that pertain, regard or relate to the charge of discrimination filed with the EEOC by Ryan Vicari, Charge No. 486-2015-00329.

DEFENDANTS' OBJECTION:

Defendants object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or protection limiting disclosure. Defendants also object to this Request to the extent that it seeks documents that are equally available to the EEOC and/or within the sole control, custody or possession of Ryan Vicari or another third patty. In addition, the term "regard or relate to the charge of discrimination" is vague, ambiguous, and overbroad.

DEFENDANTS' ANSWER:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce nonprivileged documents responsive to this Request that are in Defendants' control, custody or possession.

REQUEST NO. 2:

IDENTIFY and produce all DOCUMENTS that pertain, regard or relate to YOUR knowledge of the EEOC's investigation into the charge of discrimination filed by Ryan Vicari, Charge No. 486-2015-00329.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is vague and ambiguous with respect to the term "YOUR knowledge." Defendants also object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or protection limiting disclosure. Defendants also object to this Request to the extent that it seeks documents that are equally available to the EEOC.

Defendants fin1her object to this Request to the extent that it seeks confidential documents.

DEFENDANTS' RESPONSE:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce non-privileged documents responsive to this Request that are in Defendants' control, custody or possession. To the extent that any documents are deemed "confidential" pursuant to FRCP Rule 26( c), Defendants will produce any such documents upon the Court's entry of a Stipulated Protective Order.

REQUEST NO. 3:

Produce all DOCUMENTS which relate to YOUR decision to decline hire to Ryan Vicari, including but not limited to, any notes and written assessments regarding Ryan Vicari's application for employment.

DEFENDANTS' OBJECTION:

Defendants object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or protection limiting disclosure. Defendants further object on the ground that the term "written assessments" is vague and ambiguous.

DEFENDANTS' ANSWER:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce nonprivileged documents responsive to this Request that are in Defendants' control, custody or possession.

REQUEST NO. 4:

Produce all DOCUMENTS which relate to, evidence or regard all factors considered by YOU in declining hire to Ryan Vicari.

DEFENDANTS' OBJECTION:

Defendants object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or protection limiting disclosure. Defendants also object to this Request on the ground that the term "relate to, evidence or regard" all factors considered by YOU" is vague and ambiguous.

<u>DEFENDANTS' ANSWER</u>:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce nonprivileged documents responsive to this Request that are in Defendants' control, custody or possession.

<u>REQUEST NO. 6</u>:

Please IDENTIFY and produce every file that YOU maintain, whether or not those files are labeled as personnel files, for the following individuals:

    a. Guy Tsurumaki
    b. Ryan-Allen Baclaan
    c. Dustin Keliikuli
    d. Jefferson Lucio
    e. Theodore Abraham
    f. Jay-R Ganitoen
    g. Rex Philip Guerrero Wilson
    h. Serkins Mokut
    i. Junior Mori
    j. Ryan Pascua
    k. R.S. Sufon
    l. Dave Vallesteros

<u>DEFENDANTS' OBJECTION</u>:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in scope. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, it is unclear how all of these other

individuals' files are relevant to this litigation. Defendants further object to this Request on the ground that the term "file" is vague and ambiguous. In addition, Defendants object to this Request to the extent that it seeks documents that are confidential under FRCP 26, the United States or Hawaii Constitutions or any other statute, rule, regulation or case law governing an individual's right to privacy.

REQUEST NO. 7:

Please IDENTIFY and produce every file that YOU maintain, whether or not those files are labeled as personnel files, for all individual(s) who filled the "Auto Detailer" position from January 1, 2014 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in scope. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, it is unclear how all of other individuals' files are relevant to this litigation. Defendants further object to this Request on the ground that the term "file" is vague and ambiguous. In addition, Defendants object to this Request to the extent that it seeks documents that are confidential under FRCP 26, the United States or Hawaii Constitutions or any other statute, rule, regulation or case law governing an individual's right to privacy.

DEFENDANTS' RESPONSE:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce job applications for those individuals that it hired for either Detailer or Lot Attendant positions that were available or became available shortly after Mr. Vicari was interviewed upon the Court's entry of a Stipulated Protective Order.

REQUEST NO. 8:

Please IDENTIFY and produce every file that YOU maintain, whether or not those files are labeled as personnel files, for all individual(s) who filled the "Lot Attendant" position from January 1, 2014 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in scope. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, it is unclear how all of other individuals' files are relevant to this litigation. Defendants further object to this Request on the ground that the term "file" is vague and ambiguous. In addition, Defendants object to this Request to the extent that it seeks documents that are confidential under FRCP 26, the United States or Hawaii Constitutions or any other statute, rule, regulation or case law governing an individual's right to privacy.

DEFENDANTS' RESPONSE:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce job applications for those individuals that it hired for either Detailer or Lot Attendant positions that were available or became available shortly after Mr. Vicari was denied hire upon the Court's entry of a Stipulated Protective Order.

REQUEST NO. 12:

Please produce all DOCUMENTS which relate to any and all investigations conducted by YOU regarding claims of discrimination based on disability from January 1, 2014 to the present, including for each investigation any DOCUMENTS reviewed or produced during investigation, any witness interviews, any witness statements, any DOCUMENTS produced as a result of the investigation, and DOCUMENTS evidencing any results of the investigation.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad as to time and scope. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, any other investigations into allegations of disability discrimination is irrelevant to this litigation. Defendants further object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or protection limiting disclosure. In addition, Defendants object to this Request to the extent that it seeks documents that are within the EEOC's or a third party's control, custody or possession.

REQUEST NO. 13:

Please INDENTIFY and produce any and all DOCUMENTS that relate to or pertain to any and all auto-mobile related accident that occurred at YOUR location (s) from January 1, 2010 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that the terms "auto-mobile related accident" and "YOUR location(s)" are vague and ambiguous. Defendants further object to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or protection limiting disclosure. Defendants also object to the extent the Request seeks confidential documents.

DEFENDANTS' ANSWER:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce nonprivileged documents responsive to this Request upon the Court's entry of a Stipulated Protective Order.

REQUEST NO. 14:

Please IDENTIFY and produce any and all job descriptions that relate to YOUR "Auto Detailer" position.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad as to time and, as such, not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, any job descriptions outside this time period are irrelevant to this litigation.

DEFENDANTS' ANSWER:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce documents responsive to this Request for the 2015 time period.

 REQUEST NO. 15:

Please IDENTIFY and produce any and all job descriptions that relate to YOUR "Lot Attendant" position.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad as to time and, as such, not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or

perceived disability in 2015. Therefore, any job descriptions outside this time period are irrelevant to this litigation.

DEFENDANTS' ANSWER:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce documents responsive to this Request for the 2015 time period.

REQUEST NO. 16:

Please IDENTIFY and produce all DOCUMENTS reflecting, regarding or referencing the number of employees working for YOU from January 1, 2014 to December 31, 2014.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, the information requested is irrelevant to this litigation. In addition, the Request is unduly burdensome in that it ostensibly asks Defendants to produce any and all documents that reference any employee during the 2014 calendar year. Moreover, the names and personal information regarding employees who worked for Defendants are irrelevant to this litigation.

REQUEST NO. 17:

Please IDENTIFY and produce all DOCUMENTS reflecting, regarding or referencing the number of employees working for YOU from January 1, 2015 to December 31, 2015.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is unduly burdensome in that it ostensibly asks Defendants to produce any and all documents

that reference any employee during the 2015 calendar year. Moreover, the names and personal information regarding employees who worked for Defendants are irrelevant to this litigation.

REQUEST NO. 18:

Please IDENTIFY and produce all DOCUMENTS reflecting, regarding or referencing the number of employees working for YOU from January 1, 2016 to December 31, 2016.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, the information requested is irrelevant to this litigation. In addition, the Request is unduly burdensome in that it ostensibly asks Defendants to produce any and all documents that reference any employee during the 2016 calendar year. Moreover, the names and personal information regarding employees who worked for Defendants are irrelevant to this litigation.

REQUEST NO. 19:

Please IDENTIFY and produce all DOCUMENTS reflecting, regarding or referencing the number of employees working for YOU from January 1, 2017 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, the information requested is irrelevant to

this litigation. In addition, the Request is unduly burdensome in that it ostensibly asks Defendants to produce any and all documents that reference any employee during the 201 7 calendar year. Moreover, the names and personal information regarding employees who worked for Defendants are irrelevant to this litigation.

REQUEST NO. 24:

IDENTIFY and produce all DOCUMENTS that relate to any recruiting, advertising, hiring, employment interviews and job applications for the "Auto Detailer" position from January 1, 2014 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad as to time and, as such, not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, any information requested outside that time period is irrelevant to this litigation. In addition, Defendants object to this Request to the extent that it seeks documents that are confidential under FRCP 26, the United States or Hawaii Constitutions or any other statute, rule, regulation or case law governing an individual's right to privacy.

DEFENDANTS' RESPONSE:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce job applications for those individuals that it hired for either Detailer or Lot Attendant positions that were available or became available shortly after Mr. Vicari was interviewed upon the Court's entry of a Stipulated Protective Order. Defendants will also produce a listing of their job postings.

REQUEST NO. 25:

IDENTIFY and produce all DOCUMENTS that relate to any recruiting, advertising, hiring, employment interviews and job applications for the "Lot Attendant" position from January 1, 2014 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad as to time and, as such, not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 20I5. Therefore, any information requested outside that time period is irrelevant to this litigation. In addition, Defendants object to this Request to the extent that it seeks documents that are confidential under FRCP 26, the United States or Hawaii Constitutions or any other statute, rule, regulation or case law governing an individual's right to privacy.

DEFENDANTS' RESPONSE:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce job applications for those individuals that it hired for either Detailer or Lot Attendant positions that were available or became available shortly after Mr. Vicari was interviewed upon the Court's entry of a Stipulated Protective Order. Defendants will also produce a listing of their job postings.

REQUEST NO. 27:

IDENTIFY and produce all DOCUMENTS which pertain, constitute, or reflect a complete list of YOUR employees from January 1, 2014 through the present, including the following information:

a. Name;
b. Date of Birth;
c. Last known address and phone number;
d. Dates of Employment (hire date and date of separation, if any);

e. If separated from employment, the reason for separation;

f. Department(s) worked;

g. Position(s) worked;

h. whether the employee applied for the "Auto Detailer" and/or "Lot Attendant" positions.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, it is overbroad in time and scope. The EEOC has alleged that Defendants discriminated against a single individual because of his disability or perceived disability in 2015. Therefore, the information requested is irrelevant to this litigation. In addition, Defendants object to this Request to the extent that it seeks documents that are confidential under FRCP 26, the United States or Hawaii Constitutions or any other statute, rule, regulation or case law governing an individual's right to privacy.

DEFENDANTS' RESPONSE:

Subject to and without waiving any of the foregoing specific or general objections, Defendants respond as follows: Defendants will produce job applications for those individuals that it hired for either Detailer or Lot Attendant positions that were available or became available shortly after Mr. Vicari was interviewed upon the Court's entry of a stipulated protective order.

REQUEST NO. 28:

Please IDENTIFY and produce all DOCUMENTS that pertain, regard or relate to monthly revenue generated and expenses incurred for MJC, Inc. and GAC Auto Group, Inc. dba Cutter Mazda of Honolulu from January 1, 2013 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants' revenue and expenses have no bearing on this litigation.

REQUEST NO. 29:

Please IDENTIFY and produce all DOCUMENTS that pertain, regard or relate to assets and liabilities for MJC, Inc. and GAC Auto Group, Inc. dba Cutter Mazda of Honolulu from January 1, 2013 to the present.

DEFENDANTS' OBJECTION:

Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants' assets and liabilities have no bearing on this litigation.

B.    Meet and Confer Certification Under LR37.1(b)

EEOC has complied with LR37.1(a) as counsel conferred in writing and telephonically concerning all disputed issues, including proportionality, in a good faith effort to limit the disputed issues or eliminate the necessity of this motion. Nardecchia Decl, ¶ 4. The parties limited the disputed issues, *see* Exhibit 5 at 1-2, but were unable to eliminate the necessity of this motion. *Id.*[3]

### III.   LEGAL STANDARD

---

[3] Defendants agreed to confirm that all responsive documents were identified for request numbers 5, 30-39, and 42, and supplement their response if additional documents were located. Defendants agreed to produce documents responsive to request number 26 (if any) and the most recent policies and training responsive to request numbers 9-11. EEOC requested this information and documents by April 15, and reserves the right to move on these requests, if necessary. Exhibit 5 at 1-2.

Under Federal Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "In determining whether the discovery is 'proportional to the needs of the case,' the court should consider 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Sidlo v. Kaiser Permanente Ins. Co.*, No. CV 15-00269 ACK-RLP, 2016 WL 9488987, at *2 (D. Haw. May 6, 2016) (Puglisi, R.) (citing Fed. R. Civ. P. 26(b)(1)). Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).

"A party may move for an order compelling discovery after a good faith attempt to confer with the party failing to respond." *Id*. at *3 (citing Fed. R. Civ. P. 37(a)(1)); *see* LR37.1(a). "An incomplete or evasive answer or response is deemed a failure to answer or respond." *Carson v. Kanazawa*, 2016 WL 9461772, at *3 (D. Haw. Oct. 13, 2016) (citing Fed. R. Civ. P. 37(a)(4)). The party who withholds discovery materials must provide sufficient information to enable the other party to evaluate the applicability of the privilege or protection. *Perry v. Schwarzenegger,* 591 F.3d 1126, 1133, n.1 (9th Cir. 2009).

## IV.    ARGUMENT

A.   <u>Defendants Improperly Narrowed the Scope of their Production, Withholding Responsive, Proportional Discovery</u>

1.   *Job Descriptions for Auto Detailer and Lot Attendant*

In response to request numbers 14 and 15, seeking job descriptions for the Auto Detailer and Lot Attendant positions, respectively – the two positions at issue, with Detailer being the position Charging Party applied for and Defendant alleging it only considered Charging Party and denied him hire for the Lot Attendant position – Defendants only produced responsive documents for an unspecified "2015 time period," thus narrowing and refusing to produce responsive documents for January 1, 2014 to present because Defendants deem them "irrelevant," a boilerplate objection in this context that should be overruled. *See Rogers v. Giurbino*, 288 F.R.D. 469, 480 (S.D. Cal. 2012); *see also O'Shea*, 2016 WL 701215, at *2. Defendants' central defense is that Charging Party could not perform the essential functions of the positions, *see* Dkt.28; thus, these documents are not only relevant, but *critical* since they purportedly set forth the very requirements that Defendants contend Charging Party was incapable of performing. EEOC is entitled to review all versions of these job descriptions for January 1, 2014 to present, to see if and how the requirements changed and to shed light as to the creation and operative dates; the four pages produced are undated. Defendants' counsel offered to review the documents for any changes – but it is not Defendants' role to review and self-select the documents they choose to

produce. EEOC is entitled to receive and review all responsive documents and Defendants must comply with their discovery obligation to search for and produce all responsive documents. *See ODS Techs., L.P. v. Magna Entm't Corp.*, 2008 WL 11343031, at *2 (C.D. Cal. July 31, 2008) (granting motion to compel "all responsive documents" and privilege log, noting "defendants have a duty under Rule 34 to produce responsive documents" in their possession, custody or control).

2.   *Recruiting, Advertising, Hiring, Interviewing Documents*

In response to request numbers 24 and 25, seeking documents relating to any recruiting, advertising, hiring, employment interviews and job applications for the Auto Detailer and Lot Attendant positions, respectively, Defendants stated they would only produce "job applications" for persons hired to the Detailer or Lot Attendant "positions that were available or became available shortly after Mr. Vicari was interviewed," and only upon entry of a protective order. Defendants have only thus far produced advertisements on craigslist limited to 2015 in response to these requests. In other words, Defendants are refusing to produce any recruitment or hiring discovery – in a failure to hire case – beyond self-selected applications and advertisements in 2015. This discovery is very important for EEOC to assess Defendants' recruiting and hiring, objective hiring criteria or duties (if any), pretext, and how Defendants treated the Charging Party's comparators. Only Defendants have access to this vital information and they

should – had they done a diligent search – have already located and produced responsive documents. Instead, on April 1, almost a year after EEOC served its requests, Defendants said during the meet and confer the request was "overbroad," and asked EEOC to provide examples of documents. EEOC provided a non-exhaustive list of responsive documents, including: interviews, interview notes and questions, applications and questionnaires/ documents given to applicants, documents showing who was interviewed and concerning the selection process, emails, applications (including electronic), and documents showing all that is required for a successful application. Defendants' boilerplate objection of "overbroad" should be rejected and Defendants should produce this discovery.

      B.    <u>Defendants Should Be Compelled to Produce Financial Records</u>

In response to request numbers 28 and 29, which seek documents relating to Defendants' monthly revenue and expenses, and assets and liabilities, Defendants asserted boilerplate objections, cited the wrong legal standard (*e.g.* "not reasonably calculated…), and argued that the documents "have no bearing on this litigation." However, as EEOC explained in correspondence and during the meet and confer, discovery regarding Defendants' financial records and information bears directly on punitive damages and is discoverable under case law and the requirements of Federal Rule 26(b). *See, e.g., EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009) (ordering disclosure of financial statements from 2007

and 2008, and any information available through 2009); *Cataldi v. Siracusano*, 2012 WL 870222 (D. Nev. 2012) (a defendant's financial condition is relevant to the pursuit of punitive damages); *S. California Hous. Rights Ctr. v. Krug*, 2006 WL 4122148, at *2 (C.D. Cal. Sept. 5, 2006) (discovery of financial documents permitted for two-and-a-half-year period). Notably, Defendants did not object based on privilege or confidentiality, and those objections are waived. To the extent Defendants wish to redact their "financial account numbers," they are free to do so, and the parties are already obligated to comply with CM/ECF filing requirements to redact this information. Defendants should be compelled to produce these records right away.

C.  Defendants Mistakenly Rely on a Protective Order Not Operative or Supported in this Case to Resist Production

In the Ninth Circuit, there is a "strong presumption" in favor of maintaining public access to judicial records that are not of a type "traditionally kept secret for important policy reasons." *Kamakana*, 447 F.3d at 1178; *see also Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).

Defendants, as the party seeking to prevent public access of various documents, "bear[] the burden of overcoming the strong presumption in favor of public access" and must have "good cause" for the protective order. *Kamakana*, 596 F.3d at 1179-80. Defendants must demonstrate a particular need for the

protection sought, requiring more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman Indus.*, 966 F.2d at 476. Defendants must show, "for each particular document [they] seek[] to protect," that "prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citation omitted). Only "[i]f a court finds particularized harm will result from disclosure of information to the public," will the court balance "the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211 (citation omitted).

Here, the Court should reject Defendants' "mistaken reliance on a protective order not operative in th[e] case," since Defendants' "broad allegation of confidentiality fail to meet the standard articulated in *Kamakana*." *Krause v. Nevada Mut. Ins. Co*., 2013 WL 3776416, at *5 (D. Nev. July 16, 2013). Defendants have objected to numerous requests "to the extent" that "confidential documents" are sought by EEOC, including requests which seek documents regarding the EEOC's investigation into the charge of discrimination, personnel files of the alleged discriminator/comparator, auto mobile accidents occurring at Defendants' location, Defendants' recruitment, advertising and interview of applicants, and a list of Defendants' employees. *See* Exhibit 2 (request numbers 2, 6, 7, 8, 13, 24, 25, 27). These objections are "unsubstantiated by specific examples or articulated reasoning." *Beckman Indus.*, 966 F.2d at 476.

During the meet and confer on April 1, EEOC asked Defendants to identify each document Defendants claim to be "confidential," and explain why – and Defendants articulated the following:

- A document Defendants sent to EEOC during the investigation because it contains "personal" or "confidential" information for employees, to wit, names, addresses, phone numbers, hire and termination date, and position for 2015 (responsive to request numbers 1-2);

- Personnel files for Guy Tsurumaki (alleged discriminator) and the eleven comparators for Charging Party (who filled the Auto Detailer and Lot Attendant positions) because Defendants "stand[]" on their objections and will produce only limited applications and the file for Mr. Tsurumaki with a protective order (responsive to request numbers 6-8);

- Documents relating to auto-mobile related accidents from January 1, 2010 to present because Defendants will not provide an accident summary with "privileged information" (*i.e.* people's/ employees' names, personal information, claims information) or even a redacted version until there is a protective order (responsive to request number 13);

- Documents relating to any recruiting, advertising, hiring, employment interviews and job applications for the Auto Detailer and Lot Attendant positions because this could include personnel files for the comparators (responsive to request numbers 24 and 25); and

- A list of Defendants' employees from January 1, 2014 to present because this contains "personal" information (responsive to request number 27). *See* Nardecchia Decl, ¶ 5.

First, as to the purported "personal" information of adult employee names, hire/ termination dates, and positions worked, this is a nonstarter; there is nothing confidential or private in this information. *See* Fed. R. Civ. P. 5.2. As to home addresses and dates of birth, parties are obligated to redact this information in any filing to comply with CM/ECF requirements, so that information would not be made public in a filing. Though Defendants have waived this argument, to the extent the "reason for separation," subpart (e) to request 27, could be deemed confidential, EEOC will forgo this information. Other than that modification, Defendants should be compelled to provide documents responsive to request numbers 2, 13[4], and 27. Production of employee lists would satisfy request numbers 16-19 also, seeking the number of employees per year; EEOC needs this information to establish coverage and for purposes of damages.

Defendants should also be compelled to produce the entire personnel files for the Charging Party's comparators and the alleged discriminator (Mr. Tsurumaki), as these documents are not only discoverable, but highly probative. *See Lauer v. Longevity Med. Clinic PLLC*, 2014 WL 5471983, at *4 (W.D. Wash. Oct. 29, 2014) (citations omitted); *Kelleher v. Fred Meyer Stores Inc.*, 302 F.R.D.

---

[4] Regarding "claims information" as to automobile accidents, Defendants can redact any truly privileged information and provide it on their privilege log. Without this showing, EEOC cannot assess the applicability of a privilege; however, this does not justify withholding the *entirety* of responsive documents.

596, 599 (E.D. Wash. 2014) ("Plaintiff is entitled to the personnel files of the nineteen (19) [employees] in order to attempt to demonstrate inconsistent treatment."); *Satchell v. FedEx Corp.*, 2005 WL 646058, at *3 (N.D. Cal. Mar. 21, 2005) (compelling production of "complete files for all comparators, including performance reviews"); *Solis v. United States*, 2013 WL 12173325, at *1 (W.D. Wash. Jan. 29, 2013) (compelling "production of the personnel file of [], a fellow employee (and supervisor)" of aggrieved employee). For instance, the files likely contain applications, notes or assessments regarding job duties and abilities, interview and hiring and recruiting information, Defendants' criteria and evaluations, accommodations or modifications provided, and information shedding light on the day-to-day job activities and requirements for the Auto Detailer and Lot Attendant positions.[5] Defendants state they will only produce certain job applications for a limited time frame, as opposed to the complete personnel files – but a party is not "entitled to pick and choose what parts of the personnel files they think are relevant," or "select the parts of the files" to produce. *Id.* Defendants "stand" on their boilerplate objections and have failed to make a particularized showing of good cause as to *any* particular document or piece of information sought by request numbers 6-8 and 24-25. It is inconceivable that nothing in the personnel files could be produced without a protective order; if Defendants wish to

---

[5] This information is also sought by request numbers 24 and 25.

redact an employee's social security number, this could be done while allowing

disclosure of other meaningful information. *See Foltz*, 331 F.3d at 1137. Further,

any private information is already protected from disclosure in public filings.

Moreover, Defendants have not shown, for any documents or information,

that "prejudice or harm will result if no protective order is granted." *Foltz*, 331

F.3d at 1130. Defendants have the burden to show good cause, and the burden to

seek a protective order, which they have not done. Defendants cannot hold back

EEOC's discovery by claiming reliance on a protective order that is not operative

and is not warranted as to any documents or information at issue.

Furthermore, assuming *arguendo* that Defendants had shown "particularized

harm," which they have not, the balancing of "public and private interests" weighs

in EEOC's favor. *Phillips*, 307 F.3d at 1211. The burden on EEOC, if Defendants

were to obtain the blanket protective order they seek, would be great. EEOC would

be required to comply with the onerous sealing requirements concomitant to

limiting public disclosure of information. *See* LR 83.12. Also, as a federal agency,

EEOC cannot agree to certain terms demanded by Defendants in their proposed

order, including terms that would improperly seek to limit EEOC's ability to

disclose documents if required by Congress, other government entities, or in

furtherance of EEOC's law enforcement and investigative activities, or prevent

EEOC from complying with its recordkeeping obligations under the Federal

Records Act. The more pressing concern, though, is that Defendants have not made their required showing for a protective order, as explained above.

      D.     <u>Defendants Refuse to State if Investigative Documents Exist and/or are Being Withheld</u>

In response to request number 12, which seeks documents relating to any investigations conducted by Defendants into claims of disability discrimination from January 1, 2014 to present, Defendants asserted boilerplate objections and objected based on privilege. During the meet and confer, EEOC asked Defendants if there were any responsive documents in either of the two categories of investigations contemplated by the request: (1) investigations into the Charging Party's claim; and/or (2) investigations into other claims in this time frame. EEOC explained that investigations in the former would be highly relevant as they pertain to Defendants' actions toward the Charging Party, and investigations in the latter category are also proportional and relevant to Defendants' treatment of, and potential animus toward, individuals with disabilities or perceived disabilities, other prior instances of alleged disability discrimination by Defendants or their agents/ supervisors, and potential biases and pretext for discrimination. Defendants stated that there were no investigations relating to Mr. Tsurumaki but refused to state whether any responsive documents exist and/or are being withheld.[6]

---

[6] Defendants also requested that EEOC provide a list of potential alleged discriminators, but it is Defendants that have access to this important information,

Defendants are required to disclose whether responsive documents are being withheld, and to provide sufficient information to enable EEOC to evaluate the applicability of the privilege or protection to each document or piece of information withheld. Fed. R. Civ. P. 26(b)(5). Since Defendants refused to do so, they have waived any privilege. *See Eureka Fin. Corp. v. Hartford Accident & Indem. Co.,* 136 F.R.D. 179, 182-83 (E.D. Cal. 1991). Further, Defendants' "incomplete or evasive" response should be "deemed a failure to answer or respond." *Carson,* 2016 WL 9461772, at *3; *see* Fed. R. Civ. P. 37(a)(4)).

If responsive documents exist, including witness statements and other disability discrimination complaints, Defendants should be compelled to produce them immediately since these are highly relevant documents, otherwise unavailable to EEOC, and thus proportional to the needs of the case. *See, e.g., Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir.1995) (evidence of sexual harassment of other employees relevant to rebut employer's proffered reason for adverse action); *Lyoch v. Anheuser-Busch Companies, Inc*., 164 F.R.D. 62, 70 (E.D. Mo. 1995) (evidence of a pattern and practice of discrimination is relevant to an individual claim); *Guthrey v. California Dep't of Corr. & Rehab*., 2012 WL 2499938, at *13 (E.D. Cal. June 27, 2012) (discovery of discrimination complaints

---

and EEOC is not required to specify for Defendants all of the information that they may or may not have – that would defeat the purpose of discovery.

permitted to "prove that the reasons articulated for an adverse employment action are a pretext for discrimination"); *Satchell*, 2005 WL 646058, at *2, *4 (compelling production of documents relating to any internal investigation of complaints of discrimination for a five-year period, including witness statements).

    E.    <u>Defendants Should be Compelled to Produce a Privilege Log</u>

    Parties are "entitled to a complete privilege log regarding all communications responsive to the [document request] for which [the responding party] claims privilege." *Sidlo*, 2016 WL 9488987, at *4. The party who withholds discovery materials must provide sufficient information to enable the other party to evaluate the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5).

    Here, Defendants failed to produce a privilege log several months after production, despite asserting privilege in refusing to produce responsive documents. "A concomitant requirement with a claim of privilege is an adequate privilege log." *Jadwin v. County of Kern*, 2008 WL 2025093, * 3 (E.D. Cal. 2008). The Court may find such privileges waived. *See Burlington Northern Santa Fe Railway Company v. U.S*., 408 F.3d 1142, 1149 (9th Cir. 2005).

    During the meet and confer on April 1, Defendants agreed to produce a privilege log to categorically identify documents are being withheld as attorney-client communications or work produce. *See* Exhibit 5. EEOC had proposed and was considering this option. *Id*. However, later during the meet and confer,

Defendants refused to inform EEOC as to whether any documents were being withheld as privileged in response to request number 12, as explained above. Defendants' reluctance to be candid with EEOC regarding this basic information raised the concern that Defendants may not identify documents withheld with sufficient information to support the privileges they claim, especially with documents not obviously protected. EEOC thus renewed its request for a full and complete privilege log for each document, consistent with Rule 26(b)(5). *See Sidlo*, 2016 WL 9488987, at *4; *see* Exhibit 5 at 2. Defendants should be compelled to immediately provide a privilege log or such privileges should be waived.

## V.    CONCLUSION

For the foregoing reasons, EEOC requests an order from the Court compelling Defendants to produce, within five (5) business days, a privilege log (excluding documents for which Defendants have waived privileges, *i.e.* financial records and investigation-related documents), and within ten (10) business days, all documents responsive to request numbers 1-8, 12-19, 24-25, and 27-29. EEOC also requests leave to re-depose Guy Tsurumaki and Kaylene Remata.

Respectfully Submitted,

Dated: April 3, 2019            /s/ *Natalie Nardecchia*
                               Natalie Nardecchia
                               Trial Attorney
                               U. S. EQUAL EMPLOYMENT
                               OPPORTUNITY COMMISSION