IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | Civ. No. 17-00371 SOM-WRP |
| | ) | |
| Plaintiff, | ) ) | ORDER REVERSING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S REQUEST FOR PRODUCTION OF DEFENDANTS' FINANCIAL RECORDS |
| vs. | ) ) | |
| | ) | |
| MJC, INC.; GAC AUTO GROUP, INC. dba CUTTER MAZDA OF HONOLULU; and DOES 1-10 INCLUSIVE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER REVERSING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S REQUEST FOR PRODUCTION OF DEFENDANTS' FINANCIAL RECORDS**

## I.      INTRODUCTION.

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") appeals from a ruling by the Magistrate Judge that denied two discovery requests, Request Nos. 28 and 29.  ECF No. 103.[1]  Those requests seek discovery regarding the monthly revenue, expenses, assets, and liabilities of Defendants MJC, Inc. and GAC Auto Group, Inc. dba Cutter Mazda of Honolulu (collectively, "Defendants").

The court concludes that discovery of Defendants' financial records is relevant to EEOC's claim for punitive damages, but that discovery going beyond Defendants' current net

_____

[1] Though titled a "Motion For Reconsideration," EEOC's motion is clearly intended to be an appeal from the Magistrate Judge's order.

worth is disproportional to the needs of the case.  As a result,
the court reverses the Magistrate Judge's order with respect to
Request Nos. 28 and 29 and tailors the remedy as follows:
Defendants shall produce their balance sheets for the years
2017, 2018, and, to the extent available, 2019.

Because neither party appeals any other portion of the
Magistrate Judge's order, the remainder of the order is
affirmed.

**II.        BACKGROUND.**

EEOC is suing Defendants for allegedly discriminating
against Ryan Vicari on the basis of his hearing disability.  ECF
No. 1.  A summary of the discovery process thus far is provided
in the background section of the Magistrate Judge's order.  ECF
No. 95, PageID #s 1294-95.  The court incorporates the
Magistrate Judge's background section and recites below only
those facts necessary to decide the issues before it.

On April 3, 2019, EEOC filed a "Motion to Compel
Further Response to Document Requests."  ECF No. 70.  Its motion
sought Defendants' response to the following requests, among
others:

> REQUEST NO. 28:
>
> Please IDENTIFY and produce all DOCUMENTS
> that pertain, regard or relate to monthly
> revenue generated and expenses incurred for
> MJC, Inc. and GAC Auto Group, Inc. dba

> Cutter Mazda of Honolulu from January 1,
> 2013 to the present.
>
> REQUEST NO. 29:
>
> Please IDENTIFY and produce all DOCUMENTS
> that pertain, regard or relate to assets and
> liabilities for MJC, Inc. and GAC Auto
> Group, Inc. dba Cutter Mazda of Honolulu
> from January 1, 2013 to the present.

ECF No. 70-2, PageID # 457; ECF No. 103.

In an order filed on May 6, 2019, the Magistrate Judge granted in part and denied in part EEOC's motion. ECF No. 95. The Magistrate Judge denied Request Nos. 28 and 29, reasoning that the requests "are overly broad, seek documents outside of the relevant time period, and seek documents that are not relevant to the claims and defenses in this litigation." ECF No. 95, PageID #s 1312-13.

On May 15, 2019, EEOC appealed the Magistrate Judge's ruling only with respect to Request Nos. 28 and 29. ECF No. 103.

III.     **STANDARD OF REVIEW.**

Magistrate judges have the authority to "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class

action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). The Federal Rules of Civil Procedure reflect this statutory authority, with Rule 72(a) providing that a district judge may refer to a magistrate judge for determination "a pretrial matter not dispositive of a party's claim or defense." Such motions, including discovery motions, are customarily referred to magistrate judges in this district. *See* Local Rule 72.3.

An appeal from a magistrate judge's ruling on a nondispositive matter may be brought pursuant to Local Rule 74.1. A magistrate judge's order on a nondispositive matter, or any portion of the order, may be reversed or modified by the district court only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule 74.1. "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's nondispositive order is "contrary to law" when the magistrate judge "fails to consider an element of the applicable legal standard." *Durham v. Cty. of Maui*, 742 F. Supp. 2d 1121, 1127 (D. Haw. 2010).

**IV.     ANALYSIS.**

In its Request Nos. 28 and 29, EEOC seeks "all
DOCUMENTS that pertain, regard or relate" to Defendants' monthly
revenue, expenses, assets, and liabilities from 2013 to present.
ECF No. 70-2, PageID # 457.  EEOC argues that the Magistrate
Judge's denial of these requests should be reversed because
Defendants' financial records are relevant to its claim for
punitive damages.  ECF No. 103, PageID #s 1357, 1362.

The court agrees with EEOC and concludes that the
Magistrate Judge's denial of Request Nos. 28 and 29 is clearly
erroneous.  However, discovery of documents dating back to 2013
and of documents unrelated to Defendants' assets and liabilities
are disproportional to the needs of the case.  The court
therefore restricts Request Nos. 28 and 29 to only Defendants'
balance sheets for the years 2017, 2018, and, to the extent
available, 2019.

> **A.     Financial Records Going To Defendants' Net Worth
> Are Relevant To EEOC's Request For Punitive
> Damages.**

Rule 26 of the Federal Rules of Civil Procedure
provides:

> Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any
> party's claim or defense and proportional to
> the needs of the case, considering the
> importance of the issues at stake in the
> action, the amount in controversy, the
> parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

"In the punitive damages context, it is firmly established that a detailed inquiry into the size of defendant's business and financial worth is relevant to the determination of punitive damages." *Baykeeper v. Kramer Metals, Inc.*, Civ. No. 07-3849 DDP (FMOx), 2009 WL 10671577, at *3 (C.D. Cal. Feb. 27, 2009) (citations omitted); *see also Am. Auto. Ins. Co. v. Haw. Nut & Bolt. Inc.*, Civ. No. 15-00245 ACK-KSC, 2017 WL 662977, at *7 (D. Haw. Feb. 16, 2017) ("Discovery of a defendant's financial information is in fact permissible when punitive damages are sought.") (citations omitted); *Sherwin v. Infinity Auto Ins. Co.*, No. 2:11-cv-00043-JCM-LRL, 2011 WL 4500883, at *3 (D. Nev. Sept. 27, 2011) ("[W]hen a claim for punitive damages is asserted, a defendant's financial condition is a proper subject of discovery." (internal quotations and citation omitted)); *Momot v. Mastro*, No. 2:09-cv-00975-RLH-LR, 2011 WL 1833349, at *3 (D. Nev. May 13, 2011) ("A defendant's financial

condition is relevant to the pursuit of punitive damages."
(citation omitted)).  Defendants appear to concede as much,
stating "it is generally accepted that financial records
reflecting a defendant's current net worth may be discoverable
as they relate to punitive damages."  ECF No. 113, PageID
# 1522.

The Complaint seeks punitive damages as a form of
relief.  ECF No. 1, PageID # 7 (requesting that the court
"[o]rder Defendants to pay [Vicari] punitive damages for its
malicious and/or reckless conduct in an amount to be determined
at trial").  EEOC was therefore entitled to seek discovery going
to Defendants' financial condition.  Without such discovery,
EEOC will be unable to establish an appropriate amount of
punitive damages at trial (should EEOC make a prima facie
showing that punitive damages are warranted).

In denying Request Nos. 28 and 29, the Magistrate
Judge did not mention EEOC's claim for punitive damages,[2] but
stated only that the requests "are overly broad, seek documents
outside of the relevant time period, and seek documents that are
not relevant to the claims and defenses in this litigation."
ECF No. 95, PageID #s 1312-13.  Because documents going to
Defendants' financial condition are relevant to EEOC's claim for

---

[2] In its motion to compel, EEOC raised this same argument
regarding the relevancy of financial records to its claim for
punitive damages.  *See* ECF No. 70, PageID #s 425-26.

punitive damages, the Magistrate Judge clearly erred in denying

Request Nos. 28 and 29 in their entirety.

### B. The Court Narrows EEOC's Request Nos. 28 And 29 To Cover Balance Sheets From 2017 To Present.

While Requests Nos. 28 and 29 seek relevant discovery,

"relevancy alone is [not] sufficient to obtain discovery, the

discovery requested must also be proportional to the needs of

the case." *Am. Auto.*, 2017 WL 662977, at *2 (quoting *Centeno v.

City of Fresno*, Civ No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634,

at *4 (E.D. Cal. Dec. 29, 2016)). By seeking "all" documents

relating to Defendants' monthly revenue, expenses, assets, and

liabilities from 2013 to present, Requests No. 28 and 29 seek

discovery disproportional to the needs of the case.

"When allowing discovery into a defendant's financial

records related to a punitive damages claim, courts generally

limit the time period for production to such information to

reflect the defendant's current condition" or current net worth.

*Momot*, 2011 WL 1833349, at *5 (citations omitted); *see also S.

Cal. Hous. Rights Ctr. v. Krug*, No. CV06-1420SJOJCX, 2006 WL

4122148, at *2 (C.D. Cal. Sept. 5, 2006) ("A defendant's net

worth and financial condition are relevant and admissible to

establish the appropriate amount of punitive damages" (citations

omitted)). Two years' worth of financial records is generally

considered sufficiently "current" for punitive damages purposes.

*See, e.g.*, *Coachman v. Seattle Auto Mgmt. Inc.*, Case No. C17-187 RSM, 2018 WL 1640893, at *4 (W.D. Wash. Apr. 5, 2018) (limiting discovery of financial records to two years); *Sherwin*, 2011 WL 4500883, at *3 (same); *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. Jun. 18, 2009) (same); *Krug*, 2006 WL 4122148, at *2 (same).  This court limits discovery of Defendants' financial records to the past two years.

Further, "net worth" is "calculated as the excess of total assets over total liabilities."  *Black's* Law Dictionary (11th ed. 2019).  Balance sheets include the value of assets and liabilities and therefore provide sufficient information to determine net worth.  *See id.* (defining "balance sheet" as "[a] statement of a financial position as of the statement's date, disclosing the value of assets, liabilities, and equity."); *see also Coachman*, 2018 WL 1640893, at *4 (W.D. Wash. Apr. 5, 2018) (limiting requests to balance sheets and income statements of cash flow); *Sherwin*, 2011 WL 4500883, at *3 (limiting requests to "defendant's financial statement, including a balance sheet and profit[ ]loss statement").  EEOC does not explain why it needs information regarding Defendants' monthly revenue and expenses.  To ensure that discovery is proportional with the needs of the case, the court limits discovery to Defendants' balance sheets.  *See Cal. Psychiatric Transitions*, 258 F.R.D. at

395 (limiting discovery requests when "[t]he requested time period and the types of documents imposed are excessive").

Defendants argue that Request Nos. 28 and 29 do not seek net worth and therefore should be denied, citing *Kim v. Crocs, Inc.*, Civ. No. 16-00460 JMS-KJM, 2018 WL 4868964 (D. Haw. Jul. 13, 2018). In *Kim*, the Magistrate Judge reasoned that "[t]he parties' lengthy punitive damages arguments are . . . misplaced" because the plaintiffs' request "seeks discovery of gross revenue and profit, not net worth." *Id.* at * 3. Defendants' reliance on *Kim* in inapposite. Unlike the request in *Kim*, EEOC's requests seek discovery of Defendants' assets and liabilities--i.e., the exact information needed to calculate net worth. *Kim* does not suggest that this court should deny Request Nos. 28 and 29 on the ground that they do not include the term "net worth."

Request Nos. 28 and 29 are limited as follows: Defendants shall produce balance sheets for the years 2017, 2018, and, to the extent available, 2019.

### C. This Court Need Not Address EEOC's Argument That The Magistrate Judge Failed To Address Proportionality.

EEOC further argues that the Magistrate Judge's ruling on Request Nos. 28 and 29 was contrary to law because the Magistrate Judge failed to address proportionality. ECF No. 103, PageID #s 1368-71. Because the Magistrate Judge's ruling

is set aside for other reasons, this court need not address

EEOC's proportionality argument.

**V. CONCLUSION.**

The court reverses the Magistrate Judge's denial of

EEOC's Request Nos. 28 and 29.  The court orders Defendants to

produce balance sheets for the years 2017, 2018, and, to the

extent available, 2019.  The remainder of the Magistrate Judge's

order filed on May 6, 2019 is affirmed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 17, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

U.S. Equal Employment Opportunity Commission v. MJC, Inc. et al., Civ. No. 17-00371 SOM-WRP; ORDER REVERSING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S REQUEST FOR PRODUCTION OF DEFENDANTS' FINANCIAL RECORDS.