Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Natalie Nardecchia, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MJC, INC.; GAC AUTO GROUP, INC. dba CUTTER MAZDA OF HONOLULU and Does 1-10 Inclusive,<br><br>Defendant(s). | Case No.: CV-17-00371-SOM-WRP<br><br>**CONSENT TO SETTLEMENT; ~~PROPOSED~~ ORDER**<br><br>The Honorable Susan Oki Mollway<br>United States District Judge |

# I.

# **INTRODUCTION**

A.  Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") and Defendants MJC Inc. and GAC Auto Group, Inc. dba Cutter Mazda of Honolulu ("Defendants" or "Cutter Mazda") hereby stipulate and agree to entry of this Consent to Settlement (the "Settlement") to fully and finally resolve Plaintiff's complaint against Defendants in U.S. Equal Employment Opportunity Commission v. MJC, Inc. et al., Civil No. 17-00371 SOM WRP (the "Action").

B.  On July 31, 2017, Plaintiff first filed this Action in the United States District Court, District of Hawaii, alleging a violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), *as amended*, 42 U.S.C. § 12112 *et. seq.* The Action alleged that Defendants unlawfully discriminated against Charging Party, Mr. Ryan Vicari ("Charging Party"), by failing to hire him on the basis of his disability and/or perceived disability in violation the ADA/ADAAA.

C.  On October 23, 2017, Defendants filed their Motion to: (1) Stay Plaintiff's Complaint for Failure to Satisfy 42 U.S.C. § 2000e-5(f)(1) and (2) Dismiss for Failure to State a Claim.

D. On January 24, 2018, the Court entered its Order Denying Defendants' Motion to Stay Plaintiff's Complaint for Failure to Satisfy 42 U.S.C. § 2000e-5(f)(1), and Granting Defendants' Motion to Dismiss for Failure to State a Claim ("Order to Dismiss"). In denying Defendants' Motion to Stay, the Court held that the EEOC has satisfied its pre-suit conciliation obligations. The Court's Order to Dismiss allowed EEOC to file an Amended Complaint, no later than February 14, 2018, addressing only Charging Party's status as a qualified individual.

E. On February 14, 2018, EEOC filed its Amended Complaint.

F. On February 28, 2018, Cutter Mazda filed its Answer denying the EEOC's allegation raised in the Amended Complaint.

## II.

## **PURPOSES AND SCOPE OF THE SETTLEMENT**

A. This Settlement fully and completely resolves any and all allegations, issues, and claims, without limitation, that EEOC raised in this Action, as of and prior to the entry date of this Settlement by the Court ("Effective Date"). This Settlement shall remain in effect for two (2) years after the Effective Date and shall be binding on and enforceable against Defendants as well as their agents, successors and assigns. Collectively, EEOC and Defendants are referred to herein as the "Parties."

B.     The Parties have entered into this Settlement to confirm that Defendants have not and will not engage in or be a party to any action, policy or practice that is intended or is known to them to have the effect of discriminating against any employee or prospective employee on the basis of a disability and/or a perceived disability, provide appropriate monetary and injunctive relief, reinforce Defendants' ongoing employment practices to further comply with ADA/ADAAA and other federal law as requested by the EEOC, provide additional training in employment discrimination law, provide information on deafness and deaf culture as well as additional information regarding deafness and hearing impairments in the workplace, and to ensure appropriate record keeping, reporting and monitoring during the term of this Settlement.  The Parties, in entering into this Settlement, acknowledge that Defendants deny liability, and that this Settlement is not an admission of wrongdoing by Defendants.

### III.

### **RELEASE OF CLAIMS**

A.     This Settlement fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in this Action.

B.     Nothing in this Settlement shall be construed to limit or reduce Defendants' obligations to continue complying fully with ADA/ADAAA or any other federal employment statute.

C. Although EEOC has not identified any other charges, this Settlement in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A. This Court has jurisdiction over the Parties and the subject matter of this litigation.

B. This Court shall retain jurisdiction of this action during the term of this Settlement for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## MODIFICATION AND SEVERABILITY

A. This Settlement constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Settlement will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Settlement are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Settlement. In any event,

the remaining provisions will remain in full force and effect unless the purposes of the Settlement cannot, despite the Parties' best efforts, be achieved.

    C.    By mutual agreement of the Parties, this Settlement may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VI.

## COMPLIANCE AND DISPUTE RESOLUTION

    A.    In the unlikely event of a dispute, prior to initiating any compliance action with this Court, the EEOC will notify Defendants, in writing, of the nature of the dispute. EEOC's notice shall specify the particular provision(s) that the EEOC believes Defendants breached and the Parties shall meet and confer within five (5) business days of the EEOC's notice to discuss the specific action(s) EEOC recommends that Defendants must undertake in order to cure any alleged breach. Absent a showing by EEOC that the delay will cause irreparable harm, Defendants shall have thirty-five (35) days from receipt of EEOC's notice to attempt to resolve or cure any alleged breach.

    B.    After the identified thirty-five (35) days have passed with respect to any alleged breach noticed in writing by EEOC to Defendants, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute. In the event EEOC petitions this

Court for resolution as identified herein, it is specifically understood that this Court may award any relief to either of the Parties that this Court deems appropriate.

## VII.

## **MONETARY RELIEF**

A. Defendants will pay a total of $42,000.00 ("Settlement Amount") to be distributed to the Charging Party and/or a non-profit organization relating to the deaf community.

B. The EEOC will provide Defendants with the allocation amount, which will be at the EEOC's discretion, and any relevant identifying information (hereafter "Distribution List"). Within thirty (30) days of the EEOC providing the Distribution List, Cutter Mazda shall send a check to the entities identified in the Distribution List via mail.

C. The EEOC has designated that this payment as non-wage compensation; thus, pursuant to the direction of the EEOC, no tax withholding will be made. Defendants shall prepare and distribute 1099 tax reporting form(s), as required by law, and shall make any appropriate report(s) to the Internal Revenue Service ("IRS") and other tax authorities. In the ordinary course of business, Defendants shall prepare and distribute a 1099 tax reporting form to the entities and/or individuals on the Distribution List. The Parties acknowledge that Defendants make no representation, and Defendants are not liable for how taxation

upon this payment of the Settlement Amount is treated by the IRS or any other tax authorities; taxes owed on this payment of the Settlement Amount (if any) shall be the sole responsibility of the entities and/or individuals designated within the Distribution List.

D. Within three (3) business days of the issuance of the settlement check(s) and the issuance of tax reporting forms, Cutter Mazda shall send via regular U.S. mail a copy of the check, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

## VIII.

## **GENERAL INJUNCTIVE RELIEF**

In furtherance of the Parties' acknowledgement that Defendants have not and will not engage in or be a party to any action, policy or practice that is intended or is known to them to have the effect of discriminating against any employee or prospective employee on the basis of a disability and/or a perceived disability, the following provisions are affirmed by the Parties:

A. <u>Discrimination based on disability and/or perceived disability</u>:

In accordance with their past actions, policy and practice, Defendants, including all managerial employees, agents and assigns and all those in active

concert or participation with them, or any of them, will continue with their actions in not engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of discriminating any employee/job applicant on the basis of their disability and/or perceived disability.

B. Retaliation:

In accordance with their past actions, policy and practice, Defendants, including all managerial employees, agents and assigns and all those in active concert or participation with them, or any of them, will not implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of Defendants, because he or she has in the past, or during the term of this Settlement:

1. Opposed any practice made unlawful under ADA/ADAAA;

2. Filed a charge of discrimination alleging such practice;

3. Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of ADA/ADAAA;

4. Was identified as a possible witness or claimant in this Action;

5. Asserted any right under this Settlement; or

6. Sought and/or received any relief in accordance with this Settlement.

## IX.

## **TRAINING, RECORD KEEPING & REPORTING**

A. <u>Training</u>

Within ninety (90) days of the Effective Date of this Settlement, and annually thereafter during the term of this Settlement as identified below, Defendants shall provide the trainings described below:

1. <u>Annual Training</u>: Defendants shall incorporate into their existing EEO training ("Annual Training"), that Defendants have provided annually to each of their employees, a live and interactive Annual Training to be expanded to include more information as it relates to ADA compliance in hiring and recruitment and accommodation requirements.

2. <u>Defendants' EEO Consultant</u>: The Annual Training shall be provided by the external employment law attorney – or her designee – who has worked with Defendants for the past decade ("Defendants' EEO Consultant"), to all employees (both management and non-management) who have been employed for longer than six (6) months, unless otherwise deemed by Defendants' EEO Consultant. Defendants' EEO Consultant will determine the length, frequency of the training, and make any modifications to the training materials

she/he sees fit. Defendants will also include a copy of Defendants' existing EEO Policy as it relates to the ADA as part of the training materials provided to employees for the Annual Training and notice of this Settlement. In accordance with Defendants' current practice, all employees required to attend the Annual Training shall verify their attendance and job position, as well as receipt of the training materials and EEO Policy, in writing to the EEOC. If no substantive updates have been made to the training materials or trainer of the Annual Training, Defendants shall submit an email or other written correspondence confirming that there are no new training materials or trainer. Any substantive updates to the training materials or trainer shall be reported to the EEOC within thirty (30) days prior to the Annual Training.

3. <u>Compliance Training</u>: In addition to the Annual Training, during the initial twelve (12) month period after this Settlement, the Human Resources employees and anyone in a position to make recruitment and/or hiring decisions or recommendations shall be trained on the obligations under the ADA, as amended, on how to properly assess and engage in the interactive process, how to properly consider an individual with a disability for employment, and training on when considering an

individual with a disability for employment, to properly consider an accommodation during an interview or hiring process ("Compliance Training"). In accordance with Defendants' current practice, this Compliance Training shall be conducted by Defendants' EEO Consultant. Defendants' EEO Consultant will determine the frequency and duration of the Compliance Training.

4. <u>Deaf Culture Training</u>: In addition to the Annual Training, during the initial year of this Settlement, Defendants shall provide management and Human Resources employees with a live and interactive training on deaf culture and professional interactions with deaf employees ("Deaf Culture Training"). Deaf Culture Training shall encompass the following topics:

1. raising awareness about the deaf community in Hawaii;

2. identifying how deaf individuals communicate; 3. identifying the technology available that could enhance communication with applicants and/or employees; 4. identifying issues that face deaf applicants and/or employees in the workplace and how employers can address them; and 5. dispelling stereotypes such as safety concerns when working with or considering for hire, deaf individuals. Such training will be provided by the State of Hawaii's Disability and Communication Access Board ("DCAB"). All employees required to attend the Deaf Culture Training

shall verify their attendance and job position in writing. Training materials shall be sent to the EEOC by DCAB twenty (20) days prior to the training session(s). The EEOC may provide feedback prior to the training is undertaken. If requested by the DCAB, it is understood that Defendants have agreed to pay for two sign language interpreters in order to support the trainer provided by DCAB. Defendants' EEO Consultant will determine whether this Deaf Culture Training, or any part thereof, should be given to non-management employees and/or incorporated into the Annual Training identified in Section IX (A.)(1.) herein.

5. <u>Additional Information Regarding Deafness and Hearing Impairments in the Workplace</u>: Defendants shall provide management and Human Resources employees with a copy of the EEOC's Questions and Answers about Deafness and Hearing Impairments in the Workplace and the Americans with Disabilities Act as found at https://www.eeoc.gov/eeoc/publications/qa_deafness.cfm ("Q&As"). Defendants' management and Human Resources employees shall sign a verification of having read these EEOC questions and answers and their job positions.

B.  Record Keeping and Reporting

1.  For the duration of this Settlement, Defendants agree to maintain all records as are necessary to demonstrate their compliance with this Settlement, including all records in connection with any job applications where job applicants have disclosed as having a hearing impairment, outcome of such job applications and the identities of the parties involved in reviewing such job applications. Defendants will make the aforementioned records available to the EEOC for inspection and copying within twenty (20) business days following a written request by the EEOC to Defendants.

2.  For the duration of this Settlement, Defendants will provide an annual report to EEOC of Defendants' obligations under this Settlement which will include the following:

   a. verification of the occurrence of the Annual Training, the trainer(s), the employees attended, the training materials, and the receipt of training materials and EEO Policy, in the twelve (12) months prior;

   b. verification of the occurrence of the Compliance Training and the employees attended, occurring during the initial twelve (12) months after the Effective Date and thereafter as determined by Defendants' EEO Consultant;

c. verification of the occurrence of the Deaf Culture Training and the employees attended, occurring during the initial twelve (12) months after the Effective Date and thereafter as determined by Defendants' EEO Consultant;

d. verification of employees' receipt and reading of the EEOC Questions and Answers, occurring during the initial twelve (12) months after the Effective Date and thereafter as determined by Defendants' EEO Consultant;

e. Report on the number of job applicants that disclosed as having a disability and the outcome of the job application, in the twelve (12) months prior. If the job application was unsuccessful, reason(s) for the unsuccessful job application.

f. verification of the posting as outlined in Section IX. C.; and

g. a report of the notification of Defendants' invitation to apply sent to the State of Hawaii's Division of Vocational Rehabilitation related to entry level positions as outlined in Section IX. D. The report shall include the copies of the job postings or job descriptions, along with the communication sent to the State of Hawaii's Division of Vocational Rehabilitation.

To the extent the EEOC has a need to review the underlying documents from the reporting, then the EEOC will give thirty (30) days notice to Defendants of the documents the EEOC seeks for production and review.

15

C. <u>Posting</u>

In accordance with the statement that Defendants currently include on each written Application for Employment, within ten (10) days of the Effective Date and throughout the term of the Settlement, Defendants shall post a statement on its website(s) (including www.cutterauto.com), informing job applicants of its commitment to equal employment opportunity and to hire without regard to disability and encourage disabled individuals, to apply.

D. <u>Hiring and Recruiting of Deaf and/or Hard of Hearing Individuals</u>

Within thirty (30) days of the Effective Date, the Defendants will notify the State of Hawaii's Division of Vocational Rehabilitation of Defendants' ongoing intent to recruit and open job opportunities to individuals who are deaf and/or hard of hearing. Defendants will inform the Hawaii Division of Vocational Rehabilitation that Defendants will accept, on a rolling basis, applications for all entry level positions including auto detailer, car washers, and other entry level positions. With this notice, Defendants will provide job descriptions or job postings (related to currently open positions) related to all entry level jobs. Thereafter, Defendants shall continue to endeavor to provide job opportunities to deaf and/or hearing impaired individuals. To the extent job offers are made, the EEOC will be informed of such efforts during the term of the Settlement.

## X.

## HR DIRECTOR'S IMPLEMENTATION AND REPORTING OF SETTLEMENT

A. Defendants' Human Resource Director ("HR Director") will monitor Defendants' compliance with ADA/ADAAA and the provisions of this Settlement. In regard to the Settlement, Defendants' EEO Consultant will be available to assist Defendants' HR Director in his/her responsibilities which shall include:

1. Ensure and report that all Defendants' employees are provided the Annual Training (together with training materials and EEO Policy), and that management and Human Resources employees are provided with the Compliance Training and Deaf Culture Training and Q&As as identified in Section IX. To the extent necessary, Defendants will work with the EEO Consultant to review and revise, if necessary, their ADA polices and procedures to be consistent with the trainings in the Settlement;

2. Ensuring that Cutter Mazda's record keeping and reports required by this Settlement are accurately compiled and timely submitted to EEOC as identified in Section IX; and

3. Ensuring the provisions related to recruitment and job postings are carried out to recruit deaf or hearing impaired individuals. Recruitment efforts, job postings, and actual hires shall also be reported to the EEOC annually from the Effective Date. Copies of job postings and notification to the Hawaii Division of

17

Vocational Rehabilitation along with the date they were sent will be reported to the EEOC with Defendants' initial report after the Effective Date. Defendants shall provide a report with the numbers of all openings in entry level jobs by positions and hiring of individuals into these positions as set forth IX(D.).

## XI.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XII.

## MISCELLANEOUS PROVISIONS

A. During the term of this Settlement, Defendants shall assure that each of their owners, officers, managers, supervisors, and human resources personnel are aware of any term(s) of this Settlement which may be related to his/her job duties.

B. Defendants shall provide any potential successor-in-interest with a copy of this Settlement within a reasonable time at least 30 days prior to the execution of any agreement for acquisition or assumption of control, or any other material change in corporate structure. Defendants shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure and inform of the EEOC when it has

transferred operational control to any successor in interest during the term of the Settlement.

C. Unless otherwise stated, all notices, reports and correspondence required under this Settlement shall be delivered via regular U.S. mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D. The Parties agree that entry of this Settlement is subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Settlement.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date: December 19, 2019

/s/ Anna Y. Park
By: Anna Y. Park
Attorneys for Plaintiff EEOC

COX FRICKE LLP

Date: December 19, 2019

/s/ Joachim P. Cox
By: Joachim P. Cox
Attorneys for Defendants MJC, Inc. and GAC Auto Group, Inc.

U.S. Equal Employment Opportunity Commission v. MJC, Inc.,
Civil No. 17-00371 SOM-WRP, **Consent to Settlement;** ~~Proposed~~ **Order**

## [~~PROPOSED~~] ORDER

The provisions of the foregoing Settlement are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: 1/6/2020

The Honorable Susan Oki Mollway
United States District Judge

U.S. Equal Employment Opportunity Commission v. MJC, Inc., Civil No. 17-00371 SOM-WRP, **Consent to Settlement;** ~~Proposed~~ **Order**